# LEGAL CHRONICLE REPORTS.

## MOORE *v.* WHITNEY.

W. obtained a judgment against B., and issued execution. The Sheriff levied upon certain personal property; M. claimed the goods, gave bond, and an issue was framed under the Sheriff's interpleader act to try the title. During the pendency of this issue, Morgan & Armstrong on two judgments issued executions against M., levied upon the identical property covered by the levy against B., and sold the same to W. for $12,000. W. paid for it, removed it, and sold it to other parties.

In a trial on the feigned issue held

*1st.* That the action of W. was an affirmance of M.'s title, and that he was estopped from setting up title in B.

*2d.* That his purchase and sale of the property to third parties destroyed the lien of his levy, by putting it out of the power of M. to have the goods forthcoming, if required.

**Rule to show cause why judgment should not be entered for the defendant, *non obstante veredicto.***

The opinion of the Court was delivered 6th Dec., 1872, by

WALKER, J. This rule was granted to enable us to ascertain, after argument, whether there was error in instructing the jury that if they believe the evidence embraced in the plaintiff's first offer, (to wit, that L. F. Whitney became the purchaser at sheriff's sale of the articles in question as the property of Wm. D. Moore, which were covered by his levy in the execution against John H. Bracken,) and the other evidence in the cause, then their verdict should be for the plaintiff.

The doubt that arose at the time, and which prompted the rule, was not as to the admission of the evidence, but as to its controlling effect in determining this case.

The facts, briefly stated, are as follows:

Lawrence F. Whitney obtained a judgment of $2,055 against John H. Bracken and issued execution on it. The Sheriff levied upon certain personal property at the Charter Oak colliery, Eagle Hill, in this county. Wm. D. Moore claimed the property, gave bond to the Sheriff, and an issue was formed under the Sheriff interpleader act to try the title to the property. While these proceedings were pending Morgan & Armstrong issued executions on two judgments obtained against Moore, and this *identical* property was levied upon and sold as Moore's property to L. F.

Whitney for $12,000. Whitney paid for the property, removed it, and sold it to other parties.

Upon this state of facts the question arose whether the action of Whitney in purchasing these identical articles, (*levied upon by him in his execution against Bracken,*)as the property of Moore, did not destroy the lien of his levy, and estop him from recovery in this issue. *This is the sole question.*

The lien of an execution when once attached upon personal property, continues until there is a judicial sale of the property, unless it is discharged by the laches of the party or of the Sheriff.

. Under the Sheriff's interpleader act the goods levied upon and in the hands of the claimant, after bond given, are in the *custody of the law.* The Sheriff is required to withdraw from the possession of the property, and the bond is the security for their forthcoming after the determination of the issue.

Until that time the levy is a valid subsisting lien, and does not lose its priority to subsequent executions.—Bain *v*. Lyle, 18 P. F. Smith 60.

A subsequent execution and levy on goods in the hands of the claimant, if against the defendant, would be void and could be set aside upon application. The lien of the levy is not discharged by receiving the bond, and the property is free from the reach of other process, as it would be in the Sheriff's hands. The property is in the custody of the law.—Hogan *v*. Lucus, 10 Peters 400. For *interlocutory orders shall not impair vested liens,*—Badorff *v*. Focht, 8 W. 196 ; WOODWARD, J. A sale by the claimant of the goods left in his possession conveys no title unless he is the owner.—Johnson *v*. Minor, Troubat & Haly, 1 vol., part 2–903.

And the person who buys them takes them with an implied warranty of the title of the vendor, nothing more.—Ibid, p. 904.

Apply this law to the facts of the present case :

If Moore was not the owner of the property in question, the sale upon the execution of Morgan & Armstrong passed to the purchaser no title ; but Whitney claims to hold the property by this title. It does not lay in the mouth of Whitney after he purchased the property as Moore's and took possession of it and probably made a profit out of it, to turn around now and deny that the property belongs to Moore. Yet this he must do, if he can recover in this proceeding.

His act must be considered an affirmance of Moore's title and consequently he cannot claim them by virtue of his levy as the property of John H. Bracken. In other words he cannot hold them by virtue of his purchase as Moore's property and hold them by virtue of his levy as Bracken's. Any other conclusion would be illogical and illegal.

If Bracken owned the property. Whitney acquired no title to it by the sale, no more than a *bona fide* purchaser, from a wrongful possessor can acquire title. He is, therefore estopped by his own act.

In Robinson *v.* The Atlantic and Great Western R. R. Co., 16 P. F. Smith 160, the Supreme Court says, *"that when the plaintiff levied upon property mentioned in the Sheriff's description, as the property of the defendant and prepared to sell it as such, he affirmed the defendant's title by his own act."*

Again, when Whitney bought the articles covered by his levy, removed them away, and sold them to third parties, he as effectually destroyed his lien on them—both in law and fact—as it was possible for a party to do.

We hold, then, that Whitney's action in a two-fold aspect determines this question against him,

1st. His purchase of the property was an affirmance of Moore's title, and his sale to others was an implied guarantee of the title.

2d. That his removal and sale of the articles to other persons, destroyed the lien of his levy by rendering it impossible to have the goods forthcoming under the conditions of the bond, if required.

*Rule discharged.*

Messrs. *J. W Ryon* and *B. W. Cumming* for plaintiffs; Messrs. *Hughes, Farquhar* and *Bartholomew* for defendant.

---

# In the Criminal Court of Schuylkill County.

1. The act of 3d of April, 1851, is the general borough law, and under its provisions the only method of enlarging the limits of a borough is by a borough ordinance, on the petition of twenty or more freehold owners of lots or tracts lying adjacent.

2. Under the act of April 1st, 1834, the power to change the limits of a borough is expressly limited to boroughs incorporated under said act.